# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WAYNE E. WILLIAMS, | |
| Petitioner, | Case No. 17-CV-411-JPS |
| v. | |
| JUDY P. SMITH, | |
| Respondent. | **ORDER** |

On April 28, 2017, the Court screened Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #8). The Court noted that the petition, which challenges Petitioner's 2005 conviction for second-degree sexual assault of a child, appeared to be nearly ten years late under the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). *Id.* at 2–3. Nevertheless, because that limitations period can be tolled for a number of reasons, the Court found that potential untimeliness was not a sufficient reason to dismiss the petition at screening. *Id.* at 3–4. The Court therefore ordered Respondent to answer or otherwise respond to the petition no later than June 27, 2017. *Id.* at 4. Respondent timely sought and was granted an extension of that deadline to July 27, 2017. (Docket #16).

On July 27, 2017, Respondent filed a motion to dismiss the petition as barred by the statute of limitations. (Docket #19). Respondent submitted evidence showing that Petitioner was convicted in 2005 and that his direct appeal concluded in 2007. (Docket #20 at 1). As a result, his time to file a federal habeas petition expired in 2008. *Id.* at 3; 28 U.S.C. §

2244(d)(1)(A). However, Petitioner did nothing at all to challenge his conviction until in 2011, when he filed several *pro se* motions to dismiss and to expunge his conviction in Wisconsin state court. (Docket #20 at 3). In Respondent's view, even if this motion practice constituted a collateral attack on his conviction, it was untimely and therefore did not toll the federal limitations period under Section 2244(d)(2). *Id.* at 4 (citing *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009)). Finally, nearly six years after his first foray into state court, he filed the instant petition. *Id.* at 2. Thus, according to Respondent, Petitioner's petition is well out of time. *Id.* at 4.

Further, Respondent noted that equitable tolling could not save Petitioner's untimely petition. *Id.* That doctrine acts to suspend the limitations period, but only where the petitioner shows that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 645–46 (2010). Respondent points out that Petitioner made no effort in his petition to claim that he was entitled to equitable tolling. (Docket #20 at 4–5). Moreover, Respondent says that such a claim would be without merit, as Petitioner did not file anything for over three years after his conviction became final. *Id.* at 5. Respondent posits that this is not adequate diligence for purposes of equitable tolling. *Id.*

Attached to Respondent's motion were copies of the local rules of this Court relevant to her motion, including Civil Local Rule 7(d), which warns litigants that "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civ. L. R. 7(d); (Docket #19-1 at 6). Nevertheless, Petitioner has filed nothing that could be described as a response to Respondent's motion, and the deadline for doing so has passed. The only thing he has filed since

Respondent's motion is a two-page document styled a motion to dismiss Respondent's reply. (Docket #21). The document is nearly unintelligible, but the Court gathers that Petitioner believes that Respondent's response to his petition was untimely. *Id.* at 2. Of course, this is untrue, as Respondent's motion to dismiss was filed prior to the deadline which the Court had extended.

In this filing, Respondent also refers to an earlier, nearly identical motion to dismiss Respondent's reply to the petition. *Id.* That earlier motion does not qualify as a response to Respondent's July 27 motion, as it was filed over two weeks prior, on July 7, 2017. (Docket #18). Moreover, the July 7 filing has no bearing on the issues raised in Respondent's motion to dismiss; rather, it simply accuses Respondent of violating the Court's response deadline. *Id.* at 1–2. Again, that did not occur at any point in this case.

Thus, the Court finds that Petitioner has failed to respond in any fashion to Respondent's motion to dismiss and sees fit to grant the motion on that basis. Civ. L. R. 7(d). Indeed, even were the Court to consider the motion on its merits, Petitioner has offered no challenge to Respondent's proffered facts regarding the course of his prosecution, conviction, and post-conviction proceedings, nor has he advanced even a single reason that any tolling doctrine could forgive his extreme dilatoriness in filing the instant petition. The authorities cited by Respondent demonstrate that Petitioner has not carried his burden to show that his petition is timely or

that tolling is deserved. For these reasons, the Court finds that the petition is untimely and must, therefore, be dismissed.[1]

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court's discussion above makes clear, in light of the facts presented

---

[1] Before reassignment of this action to this branch of the Court, Petitioner had filed a motion requesting the appointment of counsel. (Docket #10). The motion is without merit, as Petitioner's conclusory allegations that he has no legal training, that he has only limited law library access, that the case is too complex for him, or that a lawyer might do a better job, are not valid reasons for the appointment of counsel. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). In any event, Petitioner is under an obligation to comply with Court procedures and deadlines whether or not he has the aid of a lawyer, so his complete failure to respond to Respondent's motion cannot be excused on that basis. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994); *Raven v. Madison Area Technical Coll.*, 443 F. App'x 210, 212 (7th Cir. 2011) ("Although we liberally construe pro se filings, we do not enlarge filing deadlines for them.") (internal citation omitted). Thus, the fact that he does not have counsel has no bearing on the disposition of this case. The motion will be denied as moot.

and Petitioner's failure to oppose Respondent's motion to dismiss, no reasonable jurists could debate whether Petitioner's petition is timely. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *Id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss the petition (Docket #19) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Docket #10) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motions to dismiss Respondent's reply (Docket #18 and #21) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge